Tyson E. Hafen (UT Bar No. 14188)
**DUANE MORRIS LLP**
100 North City Parkway, Suite 1560
Las Vegas, NV  89106
Tele: 702.868.2600; Fax: 702.385.6862
E-Mail:  tehafen@duanemorris.com

WILLIAM M. GANTZ (*pro hac vice*
forthcoming*)*
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
T: 857.448.4234; F: 857.401.3026
Email:  BGantz@duanemorris.com


Attorneys for Defendant Woopla, Inc.


## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| KYLE BECKSTROM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WOOPLA, INC.,<br><br>Defendant. | Case No.: 1:25-cv-00187-RJS<br><br><br>**DEFENDANT WOOPLA, INC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT** |

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Woopla, Inc. ("Woopla"), by and through

undersigned counsel, hereby moves this Honorable Court to dismiss the Class Action Complaint

for lack of personal jurisdiction. The basis for this motion is fully set forth in the accompanying

memorandum in support and the supporting Declaration of John Xidos ("Xidos Decl."),

contemporaneously filed herewith.

Contemporaneous with this Motion to Dismiss, Woopla has filed a Motion to Compel

Arbitration. Accordingly, Woopla respectfully requests that this Court dismiss Plaintiff's claims

i

against it pursuant to Fed. R. Civ. P. 12(b)(2) or alternatively grant its Motion to Compel

Arbitration and compel Plaintiff's claims to arbitration. Subject to this requested order of review,

Woopla respectfully requests that the Court enter an order dismissing the above captioned action,

and for such other and further relief that the Court deems just and proper

Dated: April 27, 2026                                    Respectfully submitted,

                                                         **DUANE MORRIS** LLP

                                                         /s/ Tyson E. Hafen
                                                         Tyson E. Hafen (UT Bar No. 14188)
                                                         William M. Gantz (*pro hac vice* forthcoming)

**<u>TABLE OF CONTENTS</u>**

I.      **INTRODUCTION** ....................................................................................................1

II.     **SUMMARY OF ARGUMENTS** ..........................................................................4

     A.    **The Parties and Claims**..............................................................................4

III.    **THE COURT LACKS PERSONAL JURISDICTION OVER WOOPLA** ................4

     A.    **Exercising Personal Jurisdiction over Woopla Does Not Comport with Utah's Long-Arm Statute** ..........................................................................5

     B.    **Exercising Personal Jurisdiction over Woopla Does Not Comport with Due Process Requirements** ........................................................................7

     i.    The Court Lacks General Jurisdiction over Woopla..............................................7

     ii.    The Court Lacks Specific Jurisdiction Over Woopla ...........................................8

IV.    **CONCLUSION**..................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013)............................................. 1, 6, 15

*Ambrosia v. Blazesoft Ltd.*, No. 25 C 1723, 2025 WL 2976477 (N.D. Ill. Oct. 21, 2025)...........12

*AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011)........................................................ 6, 15

*Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7 (1st Cir. 2009) ........................................................10

*Ball v. Skillz Inc.*, No. 2:20-cv-00888-JAD-BNW, 2020 WL 6685514 (D. Nev. Nov. 12, 2020).........................................................................................................................................13

*Belnap v. Iasis Healthcare*, 844 F.3d 1272 (10th Cir. 2017) ......................................................10

*Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842 (6th Cir. 2020) ..............................10

*Boatner v. SSPS LLC*, No. 25 Civ. 3251 (DEH), 2025 WL 3281509 (S.D.N.Y. Nov. 25, 2025).........................................................................................................................................12

*Boyle v. Sweepsteaks Ltd.*, No. 8:25-cv-00302-JVS-ADS, 2025 WL 1674480 (C.D. Cal. May 19, 2025)...................................................................................................................11-12

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) ....................................10-12, 14

*Christensen v. Desert Rock Cap., Inc.*, No. 2:24-cv-00808-RJS-CMR, 2025 WL 1135598 (D. Utah Apr. 17, 2025)................................................................................................................16

*Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003) ....................................................................6

*Curran v. Sideprize LLC*, No. 2477CV01075, 2025 WL 1927786 (Mass. Super. Ct. Apr. 30, 2025)..............................................................................................................................13-14

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) .....................................................2, 7

*Doe v. VGW Malta Ltd.*, No. 1:23-CV-3226-TWT, 2023 WL 8234650 (N.D. Ga. Nov. 28, 2023).................................................................................................................................12

*Fair Gaming Advocs. MA LLC v. VGW Holdings Ltd.*, No. 2384-CV-02451, 2024 WL 5279408 (Mass. Super. Dec. 17, 2024) ................................................................................13

*Fedor v. United Healthcare, Inc.*, 976 F.3d 1100 (10th Cir. 2020)..............................................2

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ....................................................9

*Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248 (10th Cir. 2012) .......................................8

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 (2019) ........................................9

*Lewis v. Eassit, Inc.*, No. 2:22-CV-00121-HCN-DAO, 2023 WL 2522812 (D. Utah Mar. 15, 2023)....................................................................................................................................15

*Love v. Overstock.com, Inc.*, No. 2:22-cv-00118-DBB-CMR, 2022 WL 3345730 (D. Utah Aug. 12, 2022) .......................................................................................................................10

*Lowery v. N.A.R., Inc.*, No. 2:18-cv-00480-JNP-PMW, 2019 WL 1099710 (D. Utah Mar. 8, 2019)...................................................................................................................................15

*M.M. v. Sweepsteakes Ltd.*, No. 25-11481-RGS, 2025 WL 3240413 (D. Mass. Nov. 20, 2025)....................................................................................................................................11-12

*Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182 (10th Cir. 2020).......................................................6

*Miller v. Corinthian Colleges, Inc.*, 769 F.Supp.2d 1336 (D. Utah 2011)...................................15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ............................7, 9

*Munoz v. Conduent State & Loc. Sols., Inc.*, No. 24-2044, 2025 WL 799482 (10th Cir. Mar. 13, 2025)..........................................................................................................................2

*Nessim v. Fliff, Inc.*, No. 5:23-cv-01048-SSS-SHKx, 2024 WL 1600649 (C.D. Cal. Jan. 5, 2024)....................................................................................................................................12

*Pagano v. NordicTrack, Inc.*, 749 F.Supp.3d 1183 (D. Utah 2024)......................................... 8-9

*Penhall v. Young Living Essential Oils, LC*, No. 2:20-cv-00617-DBB-CMR, 2022 WL 15504063 (D. Utah Oct. 27, 2022)...................................................................................... 8-9

*Prima Paint Corp. v. Flood & Conklin Mfg., Co.*, 388 U.S. 395 (1967)............................... 10, 12

*Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010)...................................................................2

*United States v. Carroll*, 105 F.3d 740 (1st Cir. 1997)...................................................................6

*United States v. McEwan*, 445 F.3d 237 (3rd Cir. 2006) ...............................................................6

*Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 489 U.S. 468 (1989) ..............................................................................................................................................9

*Zions Mgmt. Servs. v. Record*, 305 P.3d 1062 (Utah 2013) .........................................................6

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*......................................................................*passim*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WOOPLA, INC.'s
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I.    INTRODUCTION

Plaintiff, a customer of Woopla, filed his putative Class Action Complaint on November 21, 2025, related to Plaintiff's use of the Woopla gaming platform. Plaintiff attempts to hale Woopla into this Utah federal court to assert a class action claim pursuant to Utah's Gambling Act, Utah Code Ann. § 76-9-1401, *et seq.* Plaintiff alleges that he "is a natural person and a citizen and resident of Sandy, Utah" (Compl. ¶ 6) and has used Woopla's platform "[d]uring the three-year period preceding the filing of this action." *Id.* ¶ 37. Plaintiff seeks on behalf of himself and the class, recovery under the Utah Gambling Act.

Plaintiff alleges that Woopla's online social gaming platform provides unlawful gambling on the theory that users purchase virtual points and use them to gamble on games of chance. *Id.* ¶¶ 23-30. This is incorrect. While some of the games may bear resemblance to casino-based games of chance, the games do not offer real money gambling opportunities. No actual money is required to play, and the services do not constitute gambling under the laws of Utah. Along those lines, points are free for the user to obtain.

Rather, Woopla offers customers the ability to access their free-to-play online social gaming platform designed solely for amusement and entertainment through the platform, accessible at the following URL: funzpoints.com. Xidos Decl. ¶ 13. However, this court need not entertain the dispute between the parties concerning the merits, and should, for the reasons demonstrated below, dismiss the case for lack of personal jurisdiction over Woopla in Utah. Pursuant to the Fourteenth Amendment's due process clause, Woopla should not be forced to litigate here. Woopla has no continuous and systematic contacts so as to render it essentially at

home in Utah, and the Platform does not create a substantial connection with Utah such that this Court has specific jurisdiction over Woopla.

As Plaintiff acknowledges, Woopla does not reside in Utah. Compl. ¶ 7; *see also* Xidos Decl. ¶¶ 4-6 (stating Woopla is a Delaware corporation with a principal place of business in Canada). Woopla also does not have sufficient contacts with Utah and has not otherwise purposefully availed itself of the law of Utah. Xidos Decl. ¶¶ 7-12. Despite Plaintiff's allegations to the contrary, Woopla has no systematic and continuous contacts with Utah, nor has it targeted or directed its activities, or otherwise advertised, towards residents of Utah. Simply put, there is no personal jurisdiction over Woopla in Utah. Therefore, this Court should not find that it has personal jurisdiction over Woopla in Utah, and pursuant to the Fourteenth Amendment's due process clause, Woopla should not be forced to litigate here.

In a similar case, the United States District Court for the Northern District of Georgia made a finding in a dispute involving an online gaming platform similar to Woopla's Platform, denying the exercise of jurisdiction. In *Fair Gaming Advocates Georgia Inc. v. VGW Holdings Limited et al.*, No. 24-cv-00901, 2024 WL 5113237 (N.D. Ga. Dec. 13, 2024), the plaintiff alleged that the defendants' online gaming websites were accessible to Georgia residents via the Internet. The defendants' online gaming website asserted that while it had two employees working remotely in the State of Georgia, that plaintiff's claims under Georgia's gambling loss recovery statute had no connection to the work of the employees, it did not market its services or games specifically to Georgians, and that the mere sale of entertainment services online was not enough to support the exercise of personal jurisdiction. *Id.* at \*5. The court agreed and dismissed the complaint for lack of personal jurisdiction stating:

> While the Defendants' casino gaming websites were certainly accessible by Georgia users and the Defendants accepted payments from Georgia users in order

2

to play the games, the Court finds this limited interaction, without more, insufficient to satisfy the transacting business prong in O.C.G.A. § 9-10-91(1). Even if it were, the exercise of jurisdiction under the long-arm statute would offend traditional notions of fairness and substantial justice because the Defendants could not reasonably have expected to be haled into court in Georgia (or any state, for that matter), solely because their websites are interacted with by residents of the state.

*Id.*

The court further found that plaintiff's complaint contained no "factual allegations" supporting its contention that the defendants "actively operate and market internet gambling websites within the State of Georgia" on a "regular, continuous, [and] systematic basis" and failed to allege that defendants "purposely directed their activity into the state via marketing or otherwise sought out the business of Georgia residents other than conclusory statements that the Defendants 'target' Georgia residents." *Id.* at *4.

***This case is on all fours and the same result should apply here***. Woopla does not purposefully target or direct any of its marketing or other business activities toward Utah residents. Xidos Decl. ¶ 11. Woopla has also never placed any advertisements in Utah media outlets. *Id.* ¶ 12. Woopla has no corporate executives or physical presence located in Utah. *Id.* ¶¶ 5-9. The existence of an interactive website which sells services but does not send any goods or products into Utah does not support the exercise of personal jurisdiction consistent with the constitutional requirements of fairness and substantial justice. This Court should dismiss the case for lack of personal jurisdiction as Woopla is not subject to general jurisdiction in Utah nor has it purposefully availed itself of the laws of Utah.

Furthermore, even if this Court had personal jurisdiction over Woopla —it does not— Plaintiff must arbitrate his claims against Woopla pursuant to Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the Utah Uniform Arbitration Act, 78B-11-101 *et seq.*, for all the reasons stated in Woopla's separate, alternative concurrently-filed motion to compel arbitration. *See* Memorandum

of Law in Support of Defendants Woopla, Inc.'s Motion to Compel Arbitration. Accordingly, if the Court finds that it has personal jurisdiction over Woopla — and it should not—it should compel Plaintiff's claims against Woopla to arbitration and stay the case.

## II.    SUMMARY OF ARGUMENTS

### A.  The Parties and Claims

Woopla offers customers the ability to access its free-to-play online social gaming platform designed solely for amusement and entertainment through the Platform, accessible at the following URL: funzpoints.com. Xidos Decl. ¶ 13.  Woopla is a company incorporated and existing under the laws of Delaware, with its principal place of business in Canada. *Id*. ¶ 4. None of Woopla's corporate executives have ever been based in, maintained their offices in, or performed their primary duties and job functions in, Utah. *Id.* ¶¶ 5-7. Woopla also has no employees who reside in or work from Utah.  *Id.* ¶ 8. Specifically, Woopla has no physical presence in Utah, does not own property in Utah, and is not registered to do business in Utah. *Id.* ¶¶ 9-10. Importantly, Woopla has never targeted or directed any of its marketing, advertisements, or other business activities specifically towards Utah residents. *Id.* ¶¶ 11-12. Other than the fact that the Platform is available in Utah, there is no connection between Woopla or the Platform and Utah.

## III.    THE COURT LACKS PERSONAL JURISDICTION OVER WOOPLA

The Court should dismiss the Complaint under Rule 12(b)(2), because it lacks personal jurisdiction over Woopla. Once a defendant has moved for a dismissal based on the lack of personal jurisdiction, "the plaintiff bears the burden of showing that the court has personal jurisdiction over each defendant." *Ben v. City of Laguna Beach*, No. 2:25-CV-00003-DAK-CMR, 2025 WL 2109694, at *1 (D. Utah July 2, 2025), *report and recommendation adopted sub nom. El Ben v. City of Laguna Beach*, No. 2:25-CV-3-DAK-CMR, 2025 WL 2106593 (D. Utah July 28,

4

2025) (quoting *Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2025 WL 1504567, at *1 (D. Utah May 27, 2025)). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)); *Allergy Rsch. Grp. LLC v. Rez Candles Inc.*, No. 2:21-CV-73-TC-JCB, 2021 WL 3862326, at *2 (D. Utah Aug. 30, 2021). As it relates to subject matter jurisdiction, when the defendant "goes beyond allegations contained in the complaint . . . and challenges the facts upon which subject matter jurisdiction depends, . . . a district court may not presume the truthfulness of the complaint's factual allegations." *Phillips v. Oosterbaan*, 508 F. Supp. 3d 1103, 1112 (D. Utah 2020).

In order to exercise personal jurisdiction over a non-resident defendant, the court must determine (1) whether Utah's long-arm statute authorizes personal jurisdiction and (2) whether the exercise of the long-arm statute would be inconsistent with due process. *XMission, L.C.*, 955 F.3d at 839. "In the present case, this collapses into a single due process inquiry because Utah's long-arm statute 'assert[s] jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.'" *Biosoft (Australia) Pty Ltd. v. Exotropin, LLC*, No. 2:25-CV-00016-JNP-DBP, 2025 WL 3485570, at *4 (D. Utah Dec. 4, 2025) (quoting Utah Code Ann. § 78B-3-201).

### A. Exercising Personal Jurisdiction over Woopla Does Not Comport with Utah's Long-Arm Statute

In relevant part, the Utah long-arm statute grants the Court with personal jurisdiction over a defendant that "transact[s] any business with the state." *See* Utah Code Ann. § 78B–3–205. Utah law defines the "transaction of any business within this state" as "activities of a non-resident

person, his agent, or representatives in this state which affect persons or businesses within the state of Utah." Utah Code Ann. § 78–27–23.

Here, Woopla is social gaming platform designed for amusement and entertainment available throughout the United States. Its games are not solely offered in Utah nor does Woopla target, advertise to, or otherwise aim its games specifically at Utah residents. Xidos Decl. ¶¶ 11-12. Plaintiff sets forth no factual allegations to the contrary. *See generally* Compl. In fact, Woopla's only contacts with Utah are with the players. *See generally* Xidos Decl. Such contact is too incidental and isolated to constitute a sufficient systematic effort by Woopla to obtain business from Utah residents. *See XMission, L.C.*, 955 F.3d at 842 (affirming that isolated sales or business efforts are insufficient to establish personal jurisdiction).

Furthermore, courts assessing personal jurisdiction over online gaming operator defendants under other states' similar long-arm statutes have found that they lacked personal jurisdiction over the gaming operators. For example, the Northern District of Georgia found that "[w]hile the [d]efendants['] casino gaming websites were certainly accessible by Georgia users and the [d]efendants [allegedly] accepted payments from Georgia users in order to play the games, . . . this limited interaction, without more, [was] insufficient to satisfy the transacting business prong in O.C.G.A § 9-10-91(1)," which is nearly identical to Utah Code Ann. § 78B-3-205. *See Fair Gaming Advocs. Ga. Inc. v. VGW Holdings Ltd.*, No. 1:24-CV-00901-TWT, 2024 WL 5113237, at *4 (N.D. Ga. Dec. 13, 2024) (concluding that defendants were "not subject to personal jurisdiction under the Georgia long-arm statute" because plaintiff failed to allege that defendants "purposely directed their activity into the state via marketing or otherwise" beyond conclusory statements). Similarly, then, Woopla, with a gaming website akin to defendants in *Fair Gaming*

*Advocates Georgia, Inc.*, is not subject to personal jurisdiction under the transacting business prong of Utah's long-arm statute. *See id.*

Moreover, Woopla's corporate executives have been and continue to be based in, have maintained and continue to maintain their offices in, and have performed and continue to perform their primary duties and job functions, outside Utah. Xidos Decl. ¶¶ 5-7. Woopla also (i) has no physical presence in Utah and owns no property in Utah; (ii) is not registered to do business in Utah; (iii) does not target or direct any of its marketing or other business activities towards Utah residents; and (iv) has never placed any advertisements in Utah media outlets or otherwise specifically targeted Utah residents with advertisements. *Id.* ¶¶ 9-12.

Plaintiff has set forth no specific factual allegations to the contrary, relying instead on conclusory statements that Woopla's platform is accessible and made available in Utah and that Woopla "purposefully directed" intentional actions to residents of Utah. Compl. ¶ 9. Such conclusory allegations are insufficient to establish personal jurisdiction over Woopla under the long-arm statute. *See Ammerman v. Fisher*, No. 2:24-CV-00790, 2025 WL 2940583, at *3 (D. Utah Aug. 1, 2025), *report and recommendation adopted,* No. 2:24-CV-00790-JNP, 2025 WL 2630653 (D. Utah Sept. 12, 2025); *see also Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) ("Conclusory allegations, however, need not be credited by this court and will not suffice to defeat a Fed. R. Civ. P. 12(b) motion.") (internal citation omitted). Therefore, the Court lacks personal jurisdiction over Woopla under the long-arm statute

## B. Exercising Personal Jurisdiction over Woopla Does Not Comport with Due Process Requirements

### i.  The Court Lacks General Jurisdiction over Woopla

General jurisdiction allows a forum state to "resolve any dispute involving that party, not just the dispute at issue." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). General

7

jurisdiction may be exercised where the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State," with the paradigmatic examples being "the place of incorporation and principal place of business." *H.A. Folsom & Assocs., Inc. v. Capel*, No. 2:16-CV-00160-DN, 2016 WL 4435210, at *5 (D. Utah Aug. 19, 2016) (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (citations omitted)).

By Plaintiff's own allegations, Woopla is not domiciled in, incorporated in, headquartered in, or maintaining a principal place of business in Utah. *See* Compl. ¶ 7; *see also* Xidos Decl. ¶ 4. Nor does Plaintiff argue that Woopla's contacts with Utah were sufficiently "continuous and systematic" to justify the exercise of general jurisdiction over claims unrelated to those contacts. *See H.A. Folsom & Assocs., Inc.*, 2016 WL 4435210, at *5. Thus, the Court lacks general jurisdiction over Woopla.

ii.   The Court Lacks Specific Jurisdiction Over Woopla

Because the Court lacks general jurisdiction over Woopla, a specific jurisdiction analysis is required. In order to exercise specific personal jurisdiction over a defendant, the defendant must take "some action 'by which it purposefully avails itself of the privilege of conducting activities within the forum State' and the plaintiff's claims 'must arise out of or relate to the defendant's contacts with the forum.'" *Ben v. City of Laguna Beach*, No. 2:25-CV-00003-DAK-CMR, 2025 WL 2109694, at *1 (D. Utah July 2, 2025), *report and recommendation adopted sub nom. El Ben v. City of Laguna Beach*, No. 2:25-CV-3-DAK-CMR, 2025 WL 2106593 (D. Utah July 28, 2025) (quoting *Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2025 WL 1504567, at *2 (D. Utah May 27, 2025)). For the Court to have specific jurisdiction, "the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, . . . the plaintiff's injuries must arise out of defendant's forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (internal quotation omitted). "Purposeful direction" requires

"(a) an intentional action . . ., that was (b) expressly aimed at the forum state . . ., with (c) knowledge that the brunt of the injury would be felt in the forum state." *Id.* (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1072 (10th Cir. 2008)).

In his Complaint, Plaintiff provides no allegations regarding Woopla's specific activities in Utah beyond conclusory allegations that (1) Woopla runs promotional materials directed at Utah residents and (2) Woopla's platform is accessible and made available in Utah. *See* Compl. ¶ 9. Nowhere does Plaintiff allege any **solicitation**—*e.g.*, targeted advertisements—of Utah residents by Woopla. *See Doering v. Copper Mountain, Inc.,* 259 F.3d 1202, 1211 (10th Cir. 2001) (concluding that advertisement that essentially makes its way to Utah is insufficient to confer personal jurisdiction). In fact, Woopla does not target or direct any of its marketing or other business activities towards Utah residents and has never placed any advertisements in Utah media outlets or otherwise specifically targeted Utah residents with advertisements. *See* Xidos Decl. ¶¶ 11-12. That some Utah residents may have played games on Woopla's Platform, does not mean that Woopla purposefully availed itself of the privilege of conducting business in Utah. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 916 (10th Cir. 2017) (finding that extensive solicitation efforts, including national television commercials, physical advertisements in the forum State, and celebrity sponsorships, was necessary to confer jurisdiction); *see also Shrader v. Biddinger*, 633 F.3d at 1244, n.6 (10th Cir. 2011) ("We have repeatedly held that advertizing [*sic*] in nationally distributed magazines does not support general jurisdiction"); *see also Fair Gaming Advocs. Ga. Inc.*, 2024 WL 5113237, at *5 (finding online gaming operator defendants' contacts with Georgia "random, fortuitous, or attenuated" rather than intentional affiliations) (citation omitted).

If Woopla can be haled into court in Utah such that the exercise of personal jurisdiction comports with due process, then it can be haled into court in any state where its games might conceivably be accessible—*an absurd result*. *Shrader*, 633 F.3d at 1244 (10th Cir. 2011). Therefore, the Court lacks specific jurisdiction over Woopla.

While Utah residents are able to play Woopla's games, Woopla cannot and should not be subjected to the jurisdiction of this Court merely by virtue of the random, fortuitous act of a user accessing the games through nationally available websites and applications. Utah federal courts are generally hesitant to conclude that merely hosting a website amounts to purposefully directing activities towards a specific jurisdiction. *See Shrader*, 633 F.3d at 1240. Thus, this Court must "ask whether the defendant intended its online content to create effects specifically in the forum state." *Old Republic Ins. Co.*, 877 F.3d at 917 n.35 (10th Cir. 2017). It is abundantly clear that Woopla had no such intentions.

Woopla is a company incorporated and existing under the laws of Delaware, with its principal place of business in Canada. *See* Xidos Decl. ¶ 4. It has no officers, executives, members, staff, property, agents, or any assets in Utah. *See id.* ¶¶ 5-9. Forcing Woopla to litigate this dispute in Utah would present substantial burdens.

Woopla has customers around the world and is now being sued by Plaintiff for claims allegedly based on transactions by Utah customers who are subject to Terms of Use—including Plaintiff himself—which require dispute resolution by arbitration, and any disputes regarding those claims submitted to the courts of another state. Hence, the forum stipulated in those Terms of Use is entitled to deference. And, those Terms are enforceable. *See, e.g.*, *Kennedy v. VGW Holdings Ltd.*, No. 1:24-CV-2184-TWT, 2025 WL 1932750, at *5-6 (N.D. Ga. July 14, 2025)

10

(compelling arbitration of class action plaintiff's claims against online gaming operator because he accepted the terms of use and arbitration provision).

Given the nature of its internet-based business it was entirely fair for Woopla, operating outside of Utah, to agree with its users in its Terms of Use which choice of law would apply, that any disputes between the parties would be subject to a consumer arbitration, and failing that, Woopla and Plaintiff agreed that any lawsuits would have proper venue and jurisdiction in designated courts.[1] Woopla did not agree to be subject to suit in every state and subject to the law of every state. Woopla reasonably provided for a method of dispute resolution convenient for both parties. Plaintiff, rather, unfairly seeks to avoid and breach his agreement to this normal and appropriate dispute resolution plan and agreement.

Indeed, it appears that Plaintiff has no interest in convenient and effective relief. Had he been so interested, he would have instead sought a quick and simple arbitration on behalf of himself—*as he assented to doing pursuant to his acceptance of the Terms of Use*—which may even have been fully resolved by now. While Plaintiff would not have to travel if he abided by the Terms, that Plaintiff might have to travel to a different state and/or arbitrate his claims to seek relief holds little weight. *See GemCap Lending I, LLC v. Quarles & Brady, LLP*, No. 2:14-CV-07937-RSWL-E, 2015 WL 4914399, at \*10 (C.D. Cal. Aug. 13, 2015) ("Litigating this action outside of California would obviously inconvenience Plaintiff, but 'neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the Plaintiff.'") (citing *Advanced Skin & Hair, Inc. v. Bancroft*, 858 F. Supp. 2d 1084, 1092 (C.D. Cal. 2012)). "This factor may weigh heavily in cases where a plaintiff's chances of recovery will be greatly diminished by

---

[1] That Plaintiff and any Woopla customers are subject to the Terms of Use, including the arbitration and choice of law provisions therein, is set forth in more detail in the Woopla's contemporaneously filed Motion to Compel Arbitration.

11

forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *Andersen v. Sportmart, Inc.*, 57 F. Supp. 2d 651, 663 (N.D. Ind. 1999). There is no reason to believe that litigating in another state or forum would prevent Plaintiff from seeking to recover *his own* Utah law claims pursuant to the arbitration provisions within the Terms of Use. There also is no evidence that litigation in that other forum would be overwhelmingly burdensome. Relatedly, while Plaintiff may be located in Utah, all witnesses for Woopla and all documentary and other evidence is and are located outside of Utah. Xidos Decl. ¶¶ 5-9.  Accordingly, Utah has no more interest in this litigation than any other forum.

Thus, because Plaintiff has failed to show that Woopla purposefully directed its activities at residents of Utah, and because exercising personal jurisdiction over Woopla would offend traditional notions of fair play and substantial justice, this Court lacks specific jurisdiction over Woopla.

## IV.    CONCLUSION

This Court lacks personal jurisdiction over Woopla. Accordingly, Woopla respectfully requests that this Court grant its Motion to Dismiss with prejudice pursuant to Fed. R. Civ. P. 12(b)(2). If the Court denies this motion, then this Court should nevertheless dismiss this case or stay for the reasons set forth in Woopla's separate, alternative concurrently-filed motion to compel arbitration.

Dated: April 27, 2026                           Respectfully submitted,

                                                DUANE MORRIS LLP

                                                /s/ Tyson E. Hafen
                                                Tyson E. Hafen (UT Bar No. 14188)
                                                William M. Gantz (*pro hac vice* forthcoming)

12

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I served via CM/ECF the foregoing **DEFENDANT WOOPLA, INC.'s MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

*/s/ Janice Reeder*
Janice Reeder, an employee of Duane Morris LLP

13

DM1\20962222.1