IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KYLE BECKSTROM,<br><br>Plaintiff,<br><br>v.<br><br>WOOPLA, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>No. 1:25-cv-00187-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

This case arises from Plaintiff Kyle Beckstrom using Defendant Woopla, Inc.'s gaming platform. Before the court is Woopla's Motion to Dismiss for lack of personal jurisdiction[1] and Motion to Compel Arbitration.[2] For the reasons explained below, the Motion to Dismiss is GRANTED and the Arbitration Motion is DENIED as MOOT.

## BACKGROUND[3]

Beckstrom is a citizen and resident of Utah.[4] Woopla is a Delaware corporation with its principal place of business in Canada.[5] Woopla operates the free-to-play social gaming platform

---

[1] Dkt. 16, *Defendant Woopla, Inc's Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum of Law in Support* (*Motion to Dismiss*).

[2] Dkt. 17, *Defendant Woopla, Inc's Motion to Compel Arbitration and Memorandum of Law in Support* (*Arbitration Motion*).

[3] The following facts are drawn from the Complaint and Xidos Declaration attached to the Motion. *See* Dkt. 1, *Class Action Complaint*; Dkt. 16-1, *Declaration of John Xidos in Support of Defendant Woopla, Inc.'s Motion to Dismiss and Memorandum of Law in Support* (*Xidos Declaration*). The court may consider sworn declarations in deciding a motion to dismiss for lack of personal jurisdiction. *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020).

[4] Dkt. 1, *Complaint* ¶ 6.

[5] *Id.* ¶ 7; *Xidos Declaration* ¶ 4.

1

funzpoints.com.[6]  Woopla does not have a physical presence in Utah.[7]  It does not have an office

in Utah, does not have employees that reside in Utah, and does not own any property in Utah.[8]

Woopla does not direct any marketing towards Utah residents and has never placed any

advertisements in Utah media outlets.[9]

On November 21, 2025, Beckstrom filed the Complaint alleging Woopla violated Utah's

Anti-Gambling Act.[10]  On April 27, 2026, Woopla filed the Motion to Dismiss and Arbitration

Motion.[11]  Beckstrom did not file an opposition.[12]

## LEGAL STANDARD

The Motion to Dismiss seeks dismissal for lack of personal jurisdiction under Federal

Rule of Civil Procedural 12(b)(2).  "The plaintiff bears the burden of establishing personal

jurisdiction over the defendant."[13]  At the motion to dismiss phase, the plaintiff need only make a

prima facie showing.[14]  The plaintiff makes such a showing by "presenting evidence (either

uncontested allegations in its complaint or other materials, or an affidavit or declaration) 'that if

true would support jurisdiction over the defendant.'"[15]  "If the parties present conflicting

---

[6] *Xidos Declaration* ¶ 13; *Complaint* ¶ 7.

[7] *Xidos Declaration* ¶ 9.

[8] *Id.* ¶¶ 5–10.

[9] *Id.* ¶¶ 11–12.

[10] *Complaint* ¶¶ 45–60.

[11] *Motion to Dismiss*; *Arbitration Motion*.

[12] *See generally Docket*.  The local rules require a response to a motion to dismiss under Federal Rule of Civil Procedure 12(b) to be filed within 28 days.  DUCivR 7-1(a)(4)(A)(iii).  This deadline has passed.

[13] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[14] *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984).

[15] *XMission*, 955 F.3d at 839 (quoting *OMI Holdings*, 149 F.3d at 1091).

affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[16]

### ANALYSIS

The court has personal jurisdiction over an out-of-state defendant if (1) Utah's long-arm statute authorizes jurisdiction, and (2) jurisdiction comports with constitutional due process.[17] Utah's long-arm statute is coextensive with federal due process.[18] The two-step inquiry therefore collapses into the general due process analysis.[19]

The court may exercise general jurisdiction or specific jurisdiction over a defendant. General jurisdiction exists if the defendant's "contacts with the State are so 'continuous and systematic' that the person is essentially at home in the State."[20] Woopla is not domiciled in, incorporated in, headquartered in, or maintaining a principal place of business in Utah.[21] Accordingly, the court lacks general jurisdiction over Woopla.

Specific personal jurisdiction exists if "(1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'"[22] The court must analyze the defendant's quantity and

---

[16] *Behagen*, 744 F.2d at 733.

[17] *XMission*, 955 F.3d at 839.

[18] *See* Utah Code Ann. § 78B-3-201; *see also Fenn v. Mleads Enters., Inc.*, 2006 UT 8, ¶ 9 n.10, 137 P.3d 706 (stating the Utah long-arm statute "hinges on whether due process permits the exercise of jurisdiction").

[19] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[20] *XMission*, 955 F.3d at 840 (quoting *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)).

[21] *See Complaint* ¶ 7; *Xidos Declaration* ¶¶ 4–8.

[22] *XMission*, 955 F.3d at 840 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also OMI Holdings*, 149 F.3d at 1091.

quality of contacts with the forum state.[23]  Providing a platform on the internet for Utah residents is insufficient to establish specifical personal jurisdiction.[24]

Beckstrom fails to meet his burden of establishing specific jurisdiction over Woopla.  The allegations fail to show Woopla purposefully directed its activities at residents in Utah.  Woopla has almost no presence here.[25]  It does not market to Utah residents or place advertisements in Utah media outlets.[26]  The only apparent tie to Utah is that the plaintiff is a Utah resident, but the Supreme Court has held that alone is insufficient to establish personal jurisdiction.[27]

Accordingly, Beckstrom fails to make a prima facia showing of personal jurisdiction.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss[28] is GRANTED.  This case is DISMISSED without prejudice.  The Arbitration Motion is DENIED as MOOT.[29]  The Clerk of Court is directed to close the case.

SO ORDERED this 13th day of July, 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[23] *XMission*, 955 F.3d at 840.

[24] *See Old Republic Ins. Co.*, 877 F.2d at 906 (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770 (1984); *Calder v. Jones*, 465 U.S. 783, 790–91 (1984)); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1244, n.6 (10th Cir. 2011); *Fair Gaming Advocs. Ga. Inc. v. VGW Holdings Ltd.*, No. 24-cv-00901-TWT, 2024 WL 5113237 (N.D. Ga. Dec. 13, 2024).

[25] *See Xidos Declaration* ¶¶ 4–10.

[26] *Id.* ¶¶ 11–12.

[27] *See Keeton*, 465 U.S. 770; *Calder*, 465 U.S. 783.

[28] Dkt. 16.

[29] Dkt. 17.